**WESTPAC AUDIOTEXT, INC.,
et al., Plaintiffs,**

v.

**G. Mitchell WILK, et al., Defendants.**

**And Related Counterclaim and
Third–Party Complaint**

**And Related Case.**

**Nos. C 89–2962 (FMS), C 90–0563 (FMS).**

United States District Court,
N.D. California.

June 24, 1992.

Earl Nicholas Selby, Palo Alto, Cal., William Bennett Turner, Donna Brorby, Beth S. Brinkman, Turner & Brorby, San Francisco, Cal., for plaintiffs.

Alan D. Croll, Karen Randall, Mark A. Wooster, Wyman, Bautzer, Kuchel & Silbert, Los Angeles, Cal., Martin J. Jenkins, San Francisco, Cal., for Pacific Bell.

Janice E. Kerr, J. Calvin Simpson, Patrick S. Berdge, Public Utilities Com'n of State of Cal., San Francisco, Cal., for California Public Utilities Com'n.

James M. Braden, Arnelle & Hastie, San Francisco, Cal.

## JUDGMENT

FERN M. SMITH, District Judge.

WHEREAS, the parties to these related actions have stipulated to the entry of judgment herein, and good cause appearing therefore,

JUDGMENT IS HEREBY ENTERED, as follows:

1. Pacific Bell, at its discretion, may identify on the 976, 900 or any other Pacific Bell prefix telephone information programs constituting indecent communications within the meaning of the Helms Amendment to the Communications Act of 1934, 47 U.S.C. § 223(b), and applicable F.C.C. regulations ("Indecent Programs"), and/or telephone information programs constituting harmful matter within the meaning of section 2884.2 of the California Public Utilities Code and section 313(a) of the California Penal Code ("Harmful Matter Programs") and assign such programs to the 900–303 prefix, or any other prefix that may be designated for Indecent and/or Harmful Matter Programs.

2. Neither Pacific Bell nor GTE California Incorporated ("GTEC") has any obligation to provide billing or collection services for (i) information providers furnishing Indecent and/or Harmful Matter Programs, (ii) the entire 900–303 prefix and all programs thereon, and/or (iii) any other

prefix that may be designated for Indecent and/or Harmful Matter Programs.

3. The termination of billing and collection services for information providers furnishing Indecent and/or Harmful Matter Programs by Pacific Bell and GTEC was and is lawful under federal law and under the Stipulation and Order filed in this action on August 20, 1991.

4. The following procedure shall govern the migration of Indecent and/or Harmful Matter Programs:

A. Upon identifying an Indecent and/or Harmful Matter Program, Pacific Bell shall notify the information provider by certified or registered mail, by any overnight mail or delivery service, or by personal service, that its program has been determined to constitute an Indecent and/or Harmful Matter Program (the "Written Notice"). The Written Notice shall advise the information provider of the requirements and procedures set forth in this Paragraph 4.

B. Within 30 days from receipt of the Written Notice, the information provider shall modify the content of its program so that it no longer constitutes an Indecent and/or Harmful Matter Program, agree to disconnect the program, or agree to migrate its program to the 900–303 prefix (or any other prefix that may be designated for Indecent and/or Harmful Matter Programs).

C. If within thirty days following receipt of the Written Notice the information provider (i) fails to respond to the Written Notice, (ii) does not make the necessary arrangements to migrate the program to the 900–303 prefix, (iii) does not modify its program as provided in Paragraph 4(E), below, so that it no longer constitutes an Indecent and/or Harmful Matter Program, or (iv) does not notify Pacific Bell as required in Paragraphs 4(D), 4(E)(iii), 4(E)(v) or 4(F), below, that it disagrees with Pacific Bell's determination that its program (or any modification thereof) constitutes an Indecent and/or Harmful Matter Program, Pacific Bell may disconnect the program and terminate service.

D. If the information provider disagrees with Pacific Bell's determination that its program constitutes an Indecent and/or Harmful Matter Program and does not elect to modify, disconnect or migrate the program, the information provider shall so notify Pacific Bell within 10 days from receipt of the Written Notice. The dispute shall be resolved according to the procedures set forth in Paragraph 4(G), below.

E. If the information provider elects to modify the contents of its program, the following procedure shall be followed:

(i) Within ten days from receipt of the Written Notice, the information provider shall notify Pacific Bell of its election to modify the content of its program and provide Pacific Bell with a transcript of the new, modified program (the "First Modified Program").

(ii) Pacific Bell shall have five business days from the information provider's notice within which to review the First Modified Program and notify the information provider by telephone at its contact number on file with Pacific Bell (or by facsimile, if a facsimile number has been provided to Pacific Bell) if Pacific Bell determines that the First Modified Program constitutes an Indecent and/or Harmful Matter Program (the "First Telephonic Notice"). If so notified by Pacific Bell, the information provider shall have five business days from the First Telephonic Notice within which to further modify the content of its program, or agree to disconnect or migrate its program.

(iii) If Pacific Bell determines that the First Modified Program constitutes an Indecent and/or Harmful Matter Program, and the information provider disagrees with this determination and does not elect to modify, disconnect or migrate its program, the information provider shall so notify Pacific Bell within five business days from the First Telephonic Notice. The dispute shall be resolved according to the procedures set forth in Paragraph 4(G), below.

(iv) If Pacific Bell determines that the First Modified Program constitutes an Indecent and/or Harmful Matter Program, and the information provider elects to further modify the content of its program, the

information provider shall within five business days from the First Telephonic Notice so notify Pacific Bell and provide Pacific Bell with a transcript of the new, modified program (the "Second Modified Program").

(v) Pacific Bell shall have five business days from the information provider's notice within which to review the Second Modified Program and notify the information provider by telephone at its contact number on file with Pacific Bell (or by facsimile, if a facsimile number has been provided to Pacific Bell) if Pacific Bell determines that the Second Modified Program constitutes an Indecent and/or Harmful Matter Program (the "Second Telephonic Notice"). If Pacific Bell determines that the Second Modified Program constitutes an Indecent and/or Harmful Matter Program, the information provider shall have five business days from the Second Telephonic Notice within which to notify Pacific Bell that it will agree to disconnect or migrate its program, or that it disagrees with Pacific Bell's determination that its Second Modified Program constitutes an Indecent and/or Harmful Matter Program, in which case the dispute shall be resolved according to the procedures set forth in Paragraph 4(G), below.

(vi) Under no circumstances shall Pacific Bell be required to review and consider more than two modifications to any program.

F. An information provider may not avoid migration by successive modification of a program. Accordingly, if an information provider receives a second Written Notice from Pacific Bell within any six-month period, the information provider may not elect to modify its program as set forth in Paragraphs 4(B) and 4(E), above, but shall have 30 days from receipt of the second Written Notice within which to agree solely to disconnect or migrate the program. If the information provider disagrees with Pacific Bell's determination that its program constitutes an Indecent and/or Harmful Matter Program and does not elect to disconnect or migrate the program, the information provider shall so notify Pacific Bell within 10 days from receipt of the second Written Notice. The dispute shall be resolved according to the procedures set forth in Paragraph 4(G), below.

G. Pursuant to the Court's continuing jurisdiction, as set forth herein, if an information provider notifies Pacific Bell that it disagrees with Pacific Bell's determination that its program (or any modification thereof) constitutes an Indecent and/or Harmful Matter Program, as set forth in Paragraphs 4(D), 4(E)(iii), 4(E)(v) or 4(F) hereof, Pacific Bell shall submit a transcript and a tape recording of the program(s) at issue to the Court as soon as practicable, along with one or more declarations from Pacific Bell's retained witnesses concluding that the program contains Harmful and/or Indecent Matter. Within 14 days after submission of the transcript, tape recording and declarations, Pacific Bell and the information provider may file memoranda of points and authorities and declarations in support of their respective positions. The Court may then decide the matter on the transcripts, tapes, declarations and memoranda of points and authorities submitted, or it may, in its discretion, set the matter for hearing.

H. Pursuant to this Court's continuing jurisdiction, as set forth herein, the procedures set forth in Paragraphs 4(A) through 4(G) hereof may be modified as follows:

(i) If particular circumstances require modification of the procedures set forth in Paragraphs 4(A) through 4(G) hereof in whole or in part, Pacific Bell and any information provider may agree in writing to modify these procedures, subject to the approval of this Court.

(ii) Any party hereto may seek to prospectively modify the procedures set forth in Paragraphs 4(A) through 4(G) hereof in whole or in part by motion filed with this Court, provided, however, that the hearing on any such motion shall be set for not earlier than 60 days from the date any such motion is filed (memoranda of points and authorities in opposition or reply to any such motion shall be filed and served in accordance with the Local Rules of this Court), and provided further that no such motion shall be filed by any information provider after that information provider

has received a Written Notice, as set forth in Paragraph 4(A) hereof.

I. Notwithstanding the procedures set forth in Paragraphs 4(A) through 4(H) hereof, nothing herein shall preclude Pacific Bell from seeking by ex parte application at any time an order allowing temporary disconnection of a program (or any modification thereof) identified by Pacific Bell as constituting an Indecent and/or Harmful Matter Program, pending a full review and hearing on the matter. Pacific Bell shall provide the affected information provider with no less than two court days' notice of any such ex parte application.

5. The orders and decisions of the California Public Utilities Commission ("CPUC") require Pacific Bell and GTEC to notify subscribers of the option to block access to 900–303. Subject to the orders, decisions and jurisdiction of the CPUC, Pacific Bell and GTEC may charge information providers for the costs associated with customer initiated blocking.

6. The provision by Pacific Bell of a separate prefix number for all telephone messages which constitute Harmful Matter (pursuant to California Public Utilities Code § 2884.2(b), or otherwise) is constitutional under federal law.

7. The preliminary injunction against enforcement of California Public Utilities Code section 2884.5, as set forth in the Court's Order of October 27, 1989, and as modified by the Court's Order of May 15, 1990, is hereby dissolved and vacated.

8. Compliance with the Helms Amendment to the Communications Act of 1934, 47 U.S.C. § 223(b), and applicable F.C.C. regulations shall, without limitation, be deemed to be compliance with the requirements of California Public Utilities Code section 2884.5. Without limitation, the termination of billing and collection services for information providers furnishing Indecent and/or Harmful Matter Programs pursuant to this Judgment and the Stipulation and Order filed in this action on August 20, 1991, constitutes compliance by Pacific Bell and GTEC with the requirements of California Public Utilities Code section 2884.5.

9. Notwithstanding the provisions of Paragraph 8, above, this Judgment, entered pursuant to the stipulation of the parties, shall not be construed as or constitute an agreement by Pacific Bell and/or GTEC that they or either of them are subject to the requirements of California Public Utilities Code section 2884.5. This Judgment does not address and shall have no res judicata or collateral estoppel effect with respect to the issue of whether California Public Utilities Code section 2884.5 applies to telephone carriers, and this Judgment is without prejudice to or waiver of Pacific Bell's and GTEC's right to continue to maintain that California Public Utilities Code section 2884.5 has no such application.

10. In seeking and acting on the migration procedures set forth in the Order filed in this action on May 15, 1990 and the Stipulation and Order filed in this action on August 20, 1991, Pacific Bell acted in good faith pursuant to 47 U.S.C. § 223(c)(2), and any access to an information provider program that results from Pacific Bell's adherence to the notification and migration procedure set forth in Paragraph 4, above, is within the meaning of "access permitted" pursuant to 47 U.S.C. § 223(c)(2)(B).

11. This court shall retain jurisdiction over this matter, and this litigation shall serve as a continuing docket for resolution of future disputes, if any, concerning the continued implementation of migration as set forth herein.

12. Pacific Bell's or GTEC's determination that any given program constitutes an Indecent and/or Harmful Matter Program and belongs on the 900–303 prefix shall have no prejudicial effect on the rights of that information provider to challenge that designation.

13. This Judgment, entered pursuant to the parties' stipulation, shall not be construed as or constitute an agreement by Pacific Bell and/or GTEC to continue to transport Indecent and/or Harmful Matter Programs. This Judgment does not address and shall have no res judicata or collateral estoppel effect with respect to, and is without prejudice to or waiver of,

Pacific Bell's right to continue to seek implementation of its Disconnection Policy with respect to total disconnection of Indecent and/or Harmful Matter Programs, or Plaintiffs' right to oppose denial of transport or implementation of such policy.

14. Nothing contained herein shall preclude plaintiffs from changing the prefix of any program on the 900–303 prefix to another information service prefix of Pacific Bell and/or GTEC, provided such program does not constitute an Indecent or Harmful Matter Program and all applicable tariff and other legal requirements are satisfied.

15. Pursuant to the Stipulation and Order filed in this action on August 20, 1991, the Court's January 30, 1991 "Memorandum of Decision Re State Action" (*Westpac Audiotext, Inc. v. Wilks*, 756 F.Supp. 1267 (N.D.Cal.1991)) was and is vacated and shall have no collateral estoppel or res judicata effect.

16. Each party shall bear its or his own legal fees and costs with respect to this action.